FILED

2016 Oct-12  PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| VEENSCHOTEN & COMPANY, INC., CLYDE HUNTER, and JAN HUNTER,      ) )) )) | |
|     Plaintiffs,    ) ) | |
| v.    ) ) | Case No.:  4:16-CV-1569-VEH |
| FIBRANT, LLC,    ) ) | |
|     Defendant.    ) | |

---

## MEMORANDUM OPINION

### I.  Introduction

On September 23, 2016, this court entered an order (Doc. 4) explaining to Plaintiffs that it had subject matter concerns about exercising jurisdiction over this lawsuit. (*Id.* at 1). In this same order, the court required Plaintiffs to amend their complaint, no later than October 7, 2016, in a manner that alleviated any doubt about the existence of diversity in light of the binding decision in *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004). (*Id.* at 1-2). This repleader deadline has passed without any filing by Plaintiffs.

### II.  Standard

Because federal courts are bodies of limited jurisdiction, "a federal court has

an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-01 (11th Cir. 2000); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court *sua sponte* may raise a jurisdiction defect at any time."). And, if at any time the court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." FED. R. CIV. P. 12(h)(3) (emphasis added); *see also Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (same). Finally, a dismissal for lack of subject matter jurisdiction must be without prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008) (affirming district court dismissal for lack of jurisdiction but reversing and remanding for entry of dismissal "without prejudice" rather than "with prejudice" as incorrectly entered originally).

## III. Analysis

Plaintiffs rely upon 28 U.S.C. § 1332(a)(1) as the sole basis for this court's exercise of subject matter jurisdiction. (Doc. 1 at 2 ¶ 2). Section 1332(a)(1) applies when complete diversity of citizenship exists between the adverse parties. "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir.

1975);[1] *see also McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936) (providing that party who is attempting to invoke the jurisdiction of the federal court has burden of satisfactorily establishing its existence).

In *Rolling Greens*, the Eleventh Circuit held that, in order to establish diversity when a limited liability company is a party, the complaint must set forth the names and states of domicile of <u>each member</u> of the limited liability company. *See id.* at 1022 (joining sister circuits in holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen"). Here, in contravention of this binding jurisdictional rule, Plaintiffs inadequately allege that Fibrant, LLC "is a limited liability company formed in the State of Delaware, but operating in and by virtue of the laws of the State of Georgia . . . ." (Doc. 1 at 1 ¶ 1).

While the court gave Plaintiffs 14 days to amend their complaint consistent with the requirements of *Rolling Greens*, they elected not to file anything and, thus, have left only their jurisdictionally-deficient original complaint for the court to consider. *Cf. Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1267-68 (11th Cir. 2013) ("After examining her complaint, we issued a jurisdictional question asking the

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

parties whether the allegations of citizenship were deficient and, if so, whether amendment of the complaint was necessary."). Further, because this court cannot verify the presence of diversity of citizenship within the confines of their current complaint, Plaintiffs have not carried their jurisdictional burden and this case is due to be dismissed without prejudice *sua sponte* for lack of subject matter jurisdiction.

## IV.    Conclusion

Plaintiffs' failure to fix their inadequate allegations of diversity mean this case is due to be dismissed for lack of subject matter jurisdiction *sua sponte*. The court will enter a separate dismissal order.

**DONE** and **ORDERED** this 12th day of October, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge